1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON, AT SEATTLE**

| | |
|---|---|
| BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST; BOARD OF TRUSTEES OF THE WESTERN WASHINGTON PAINTERS DEFINED CONTRIBUTION PENSION TRUST; BOARD OF TRUSTEES OF THE DISTRICT COUNCIL NO. 5 APPRENTICESHIP AND TRAINING TRUST FUND; BOARD OF TRUSTEES OF THE INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND; BOARD OF TRUSTEES OF THE FINISHING TRADES INSTITUTE; THE PAINTERS AND ALLIED TRADES LABOR-MANAGEMENT COOPERATION INITIATIVE; WESTERN WASHINGTON SIGNATORY PAINTING EMPLOYERS ASSOCIATION; INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 5,<br><br>Plaintiffs,<br><br>vs.<br><br>GLOBAL COATINGS LLC, a Washington limited liability company; MARK ANDREW MCCALMAN, an individual; DOES & ROES I-X,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT** |

COMPLAINT
Case No.

Page 1

CHRISTENSEN JAMES & MARTIN
7440 W. Sahara Ave., Las Vegas, NV 89117
THE URBAN LAW FIRM
321 Burnett Avenue South, Suite 200, Renton, WA 98057
(702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiffs*

## COMPLAINT

The Board of Trustees of the Employee Painters' Trust, Board of Trustees of the Western Washington Painters Defined Contribution Pension Trust, Board of Trustees of the District Council No. 5 Apprenticeship and Training Trust Fund, Board of Trustees of the International Painters and Allied Trades Industry Pension Fund, Board of Trustees of the Finishing Trades Institute, Painters and Allied Trades Labor Management Cooperation Initiative, Western Washington Signatory Painting Employers Association, and International Union of Painters and Allied Trades District Council No. 5 (collectively "Plaintiffs"), by and through their counsel, Christensen James & Martin and The Urban Law Firm, complain and allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this case pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1), which grants the United States District Courts exclusive jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

2. This court has jurisdiction of this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and labor organization in an industry affecting commerce, without respect to the amount in controversy or the citizenship of the parties.

3. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that this is the Judicial District in which one or more of the Plaintiffs are administered, one or more of the signatory

COMPLAINT  
Case No.  

Page 2

CHRISTENSEN JAMES & MARTIN  
7440 W. Sahara Ave., Las Vegas, NV 89117  
THE URBAN LAW FIRM  
321 Burnett Avenue South, Suite 200, Renton, WA 98057  
(702) 255-1718 / wes@cjmlv.com  
*Counsel for the Plaintiffs*

labor organizations maintains its office, the employer operates its business, and where the contractual obligation is to be paid.

4. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

**PARTIES AND GENERAL ALLEGATIONS**

5. The Employee Painters' Trust, Western Washington Painters Defined Contribution Pension Trust, District Council No. 5 Apprenticeship and Training Trust Fund, International Painters and Allied Trades Industry Pension Fund, and Finishing Trades Institute (collectively "Trusts") are or were express trusts created pursuant to written trust agreements or declarations of trust ("Trust Agreements"), consistent with § 302(c) of the LMRA [29 U.S.C. § 186(c)(5)], between various unions, including the International Union of Painters and Allied Trades District Council No. 5 ("District Council 5"), various employer associations, including the Western Washington Signatory Painting Employers Association ("WWSPE"), and independent employers.

6. The Trusts exist to provide employee benefits to participants under a "multiemployer plan," "employee benefit plan," "employee benefit pension plan," and/or "employee welfare benefit plan," as the case may be, within the meaning of ERISA, 29 U.S.C. §1002(37), (2) and (3), to which one or more of the Defendants named herein are required to make monetary contributions pursuant to the terms of a collective bargaining agreement.

7. The Board of Trustees and the individual Trustees of each of the Trusts is a "named fiduciary," "plan administrator" and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), & (21), with respect to collection of contributions due to the Trusts and related matters.

8. One or more of the Trusts are jointly administered in Seattle, Washington.

9. The Painters and Allied Trades Labor-Management Cooperation Initiative ("LMCI") is a labor-management committee to which one or more of the Defendants named

COMPLAINT
Case No.

Page 3

CHRISTENSEN JAMES & MARTIN
7440 W. Sahara Ave., Las Vegas, NV 89117
THE URBAN LAW FIRM
321 Burnett Avenue South, Suite 200, Renton, WA 98057
(702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiffs*

1  herein are required to make monetary contributions pursuant to the terms of a collective
2  bargaining agreement under 29 U.S.C. § 186(c)(9).

3  10. WWSPE is an employer association representing employers in the construction
4  industry in Western Washington to which Defendants are required to make monetary
5  contributions pursuant to the terms of a collective bargaining agreement.

6  11. At all times material herein, District Council 5 has been a labor organization
7  representing employees in an industry affecting commerce within the meaning of Section 301(a)
8  of the LMRA, 29 U.S.C. § 185(a).

9  12. The Defendants must make monetary contributions and remit employee
10 withholdings (dues) to District Council 5 pursuant to the terms of one or more collective
11 bargaining agreements under 29 U.S.C. § 186(c)(4).

12 13. Defendant Global Coatings LLC ("Global Coatings") is a Washington limited
13 liability company identified by Washington UBI Number 602 993 037.

14 14. Defendant Mark Andrew McCalman ("McCalman") is an individual believed to
15 be residing in the State of Washington.

16 15. The true names and capacities, whether partnership, individual, corporate,
17 company, associate or otherwise of John Does I-X, inclusive, and Roe Corporations I-X,
18 inclusive, are unknown to the Plaintiffs at this time and are therefore sued by fictitious names.
19 The Plaintiffs reserve the right to amend the Complaint to insert additional charging allegations,
20 together with the true identities and capacities, when the same have been ascertained.

21 16. Global Coatings is a general construction contractor doing business in the State
22 of Washington under Washington State Department of Labor & Industries License No.
23 GLOBACL906QK.

24 17. At all times material herein, Global Coatings has maintained and operated its
25 principal place of business and its administrative offices at 316 N. Callow Ave., Bremerton,
26 WA 98312.

COMPLAINT
Case No.

Page 4

CHRISTENSEN JAMES & MARTIN
7440 W. Sahara Ave., Las Vegas, NV 89117
THE URBAN LAW FIRM
321 Burnett Avenue South, Suite 200, Renton, WA 98057
(702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiffs*

18. Defendant McCalman is the primary owner, shareholder, director, officer, member, manager, governing person, principal and/or key employee of Global Coatings, whose employment duties required decision making regarding the operations of Global Coatings, procurement and negotiation of contracts, hiring/firing of work force, directing labor relations, project management, keeping corporate records and company books, managing financial affairs, payment of expenses and accounts payable, tracking employee hours, preparing and processing payroll and remitting reports, contributions and payments to the Plaintiffs for each hour of covered labor performed.

19. Global Coatings is signatory to the Western Washington Area Agreement for the Professional Painting Industry ("CBA") with District Council 5, wherein Global Coatings agreed to be bound to the terms and provisions of the CBA and the written Trust Agreements governing the Trusts.

20. Global Coatings is an "employer" as that term is understood and defined in the CBA and Trust Agreements.

21. Global Coatings is an "employer" as that term is used in Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

22. Global Coatings is an "employer" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in Sections 501(1) and 501(3) of the LMRA, 29 U.S.C. § 142(1) and (3), and within the meaning and use of Section 301(a) of the LMRA, 209 U.S.C. § 185(a).

23. The CBA and Trust Agreements cover and apply to all painting and related work (as more particularly described in the CBA) performed by employees, independent contractors, and subcontractors of Global Coatings.

24. At all times material herein, Global Coatings has been obligated by the terms of the CBA and the Trust Agreements to timely submit monthly written reports to the Plaintiffs at

COMPLAINT
Case No.

Page 5

CHRISTENSEN JAMES & MARTIN
7440 W. Sahara Ave., Las Vegas, NV 89117
THE URBAN LAW FIRM
321 Burnett Avenue South, Suite 200, Renton, WA 98057
(702) 255-1718 / wes@cjmlv.com
Counsel for the Plaintiffs

their administrative office in the State of Washington showing all hours of painting work performed by its employees, independent contractors, and subcontractors.

25. At all times material herein, Global Coatings has been obligated by the terms of the CBA and Trust Agreements to timely and properly pay to the Plaintiffs at their administrative office in the State of Washington fringe benefit contributions for health, welfare, pension, retirement, training, and other employee benefits on a monthly basis and at specified rates for each and every hour of covered labor performed by its employees, independent contractors, and subcontractors.

26. As a result of the reporting and payment obligations imposed by the CBA, the Plaintiffs are intended beneficiaries of the CBA, and Global Coatings is "obligated to make contributions to a multiemployer plan" within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

27. In the event that Global Coatings fails to timely remit reports and contributions to the Plaintiffs at their administrative office in the State of Washington, the CBA and Trust Agreements require Global Coatings to pay, in addition to the contributions due, interest and liquidated damages to the Plaintiffs at rates determined by the Boards of Trustees.

28. The CBA and Trust Agreements also require Global Coatings to reimburse the Plaintiffs for any attorney's fees and costs incurred as a result of Global Coatings' late payment or delinquencies.

29. Global Coatings is required by ERISA, 29 U.S.C. § 1059, to maintain records sufficient to determine the benefits due or which may become due to individuals performing covered work on its behalf, including records of compensation, time worked, and work performed.

30. Pursuant to the terms of the CBA and the Trust Agreements, Plaintiffs have a program for the routine and regular inspection, examination and audit of the payroll records of employers signatory to agreements requiring contributions to the Plaintiffs.

COMPLAINT
Case No.

Page 6

CHRISTENSEN JAMES & MARTIN
7440 W. Sahara Ave., Las Vegas, NV 89117
THE URBAN LAW FIRM
321 Burnett Avenue South, Suite 200, Renton, WA 98057
(702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiffs*

1  31. The CBA and Trust Agreements require an employer to make their records available for such inspection.

2  32. If it becomes necessary for the Plaintiffs to retain legal counsel to compel an employer to permit the examination of books or records, the Trust Agreements require the employer to reimburse the Plaintiffs for all attorneys' fees and costs and all audit fees incurred by the Plaintiffs, whether or not legal proceedings were instituted and whether or not such examination discloses that the employer has failed to make appropriate or timely contributions to the Plaintiffs.

33. If an audit reveals an underpayment or deficiency in reporting or payment of contributions, the CBA and Trust Agreements require the employer to pay to the Plaintiffs the underpaid contributions, plus accrued interest, liquidated damages, audit fees, attorney's fees and costs.

34. If after an audit an employer is found to owe money to the Plaintiffs, the employer shall pay the deficiency promptly or deposit disputed amounts into an escrow account pending resolution of the dispute.

35. Plaintiffs engaged a professional accounting firm ("Auditor") to conduct a payroll compliance review ("Audit") of Global Coatings' records to test compliance with the reporting and payment obligations imposed by the CBA and Trust Agreements for the period of November 1, 2017 through the present ("Audit Period").

36. Global Coatings failed to provide records requested by the Auditor, including but not limited to payroll registers, quarterly unemployment returns, cash disbursement journals, transactions lists by vendor, and job classification documentation.

37. As a result of Global Coatings' lack of compliance, the Auditor has been unable to complete its audit procedures.

38. Plaintiffs have demanded that Global Coatings produce all records requested by the Auditor, but Defendants have not complied.

COMPLAINT
Case No.

Page 7

CHRISTENSEN JAMES & MARTIN
7440 W. Sahara Ave., Las Vegas, NV 89117
THE URBAN LAW FIRM
321 Burnett Avenue South, Suite 200, Renton, WA 98057
(702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiffs*

39. Plaintiffs are entitled to and seek the Court's Order requiring Global Coatings to submit its records for the Audit and for payment of any and all amounts determined to be owed to the Plaintiffs as a result of the audit, including all unpaid fringe benefit contributions, interest, liquidated damages, audit fees, attorney's fees and costs pursuant to the express terms of the CBA, Trust Agreements, and ERISA (29 U.S.C. § 1132(g)(2)).

40. Using Affidavits of Wages Paid on file with the Washington State Department of Labor and Industries ("L&I"), the Auditor was able to determine that Global Coatings completed prevailing wage projects using painting labor during the Audit Period for which all hours were not reported and contributions were not paid to the Plaintiffs as required by the CBA and Trust Agreements.

41. According to Affidavits of Wages Paid submitted by Global Coatings, it completed five projects from September 2018 to May 2021 with a minimum of 3,636 hours of painting labor.

42. From September 2018 to May 2021, Global Coatings reported and paid contributions for only 56 hours, all in September 2018.

43. Because Global Coatings has not provided payroll records, it is not clear if the 56 hours reported to the Trusts in September 2018 are included in the 3,636 hours reported to L&I or worked on other projects not reported to L&I.

44. At minimum, Global Coatings failed to report and pay contributions to the Plaintiffs for 3,580 hours of covered labor performed on prevailing wage projects during the Audit Period.

45. At contribution rates in effect at the time of the work, the 3,580 hours of covered labor reported to L&I but not reported to the Plaintiffs is equal to at least $46,668 in unpaid contributions owed to the Plaintiffs, plus interest and liquidated damages pursuant to the terms of the CBA, Trust Agreements, and 29 U.S.C. § 1132(g)(2).

46. L&I records also indicate at least one other project performed in 2021 for which

COMPLAINT
Case No.

Page 8

CHRISTENSEN JAMES & MARTIN
7440 W. Sahara Ave., Las Vegas, NV 89117
THE URBAN LAW FIRM
321 Burnett Avenue South, Suite 200, Renton, WA 98057
(702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiffs*

an Affidavit has not yet been filed by Global Coatings that will likely result in additional hours of covered labor that have not been reported to the Plaintiffs.

47. The L&I Affidavits also indicate that one or more owners of Global Coatings performed labor on the projects.

48. The CBA and Trust Agreements require all covered labor to be reported and contributions paid to the Plaintiffs, even covered labor performed by an owner.

49. No hours performed by any owner of Global Coatings have been reported to the Plaintiffs and no contributions have been paid for such work.

50. Because Global Coatings has failed to provide payroll records, the Plaintiffs are unable to determine the total amount owed for such work.

51. Using vendor invoices provided to the Auditor by Global Coatings, the Auditor also determined that Global Coatings used temporary staffing agencies to provide at least 1,083 hours of painting labor on its projects, for which Global Coatings did not report or pay contributions to the Plaintiffs.

52. At contribution rates in effect at the time of the work, the 1,083 hours of covered labor performed by employees hired through temporary staffing agencies is equal to at least $13,968 in unpaid contributions owed to the Plaintiffs, plus interest and liquidated damages pursuant to the terms of the CBA, Trust Agreements, and 29 U.S.C. § 1132(g)(2).

53. In summary, using the limited records provided by Global Coatings or available through public records, Global Coatings had employees, independent contractors, and subcontractors performing covered labor during the Audit Period that were not reported to the Plaintiffs and for which contributions are owed to the Plaintiffs in the amount of at least (and likely exceeding) $60,636, plus interest and liquidated damages pursuant to the terms of the CBA, Trust Agreements, and 29 U.S.C. § 1132(g)(2).

54. Because Global Coatings has failed to provide payroll records, the Plaintiffs are unable to determine the total number of unreported hours or total amount of contributions owed

COMPLAINT
Case No.

Page 9

CHRISTENSEN JAMES & MARTIN
7440 W. Sahara Ave., Las Vegas, NV 89117
THE URBAN LAW FIRM
321 Burnett Avenue South, Suite 200, Renton, WA 98057
(702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiffs*

to the Plaintiffs for covered labor performed during the Audit Period.

55. Plaintiffs have engaged the law firms of Christensen James & Martin and The Urban Law Firm to enforce the obligations identified herein and have incurred attorneys' fees and costs as a result of Defendants' breaches and failures described herein, which must be paid by Defendants pursuant to the CBA, Trust Agreements, 29 U.S.C. § 1132(g)(2), and governing law.

56. Plaintiffs are entitled to and seek the Court's Judgment requiring Global Coatings to pay all past due and future contributions owed to the Plaintiffs as a result of Global Coatings' obligations under the CBA and Trust Agreements along with any interest, liquidated damages, attorneys' fees, court costs and other contract damages that are determined to be owed prior to judgment.

57. The Trust Agreements permit the Boards of Trustees to require that an employer post a cash bond or fringe benefit bond issued by a reputable surety company to help insure that past, present, and future contributions are paid. The bond may be required if the employer has history of delinquent or late payment of contributions, has failed to pay required contributions by the due date for consecutive months, a lawsuit has been filed against the employer to collect delinquent contributions and/or related charges, or there are other facts and circumstances which, in the opinion of the Boards of Trustees, indicate there is a reasonable likelihood that the employer will not pay contractually required contributions by the due date in the future. The Boards of Trustees have the authority to determine the amount of the bond.

58. In the event an employer refuses to provide a bond after being requested to do so, the Plaintiffs may institute a lawsuit to enforce the applicable provisions of the Trust Agreements. In the event the Plaintiffs prevail in the lawsuit, the Trust Agreements expressly require that the employer reimburse the Plaintiffs for their attorney's fees and collection costs.

59. Based on the facts and circumstances set forth above and that a lawsuit has been filed against Global Coatings as a result of the delinquencies described herein and pursuant to

COMPLAINT
Case No.
Page 10

CHRISTENSEN JAMES & MARTIN
7440 W. Sahara Ave., Las Vegas, NV 89117
THE URBAN LAW FIRM
321 Burnett Avenue South, Suite 200, Renton, WA 98057
(702) 255-1718 / wes@cjmlv.com
Counsel for the Plaintiffs

the express terms of the Trust Agreements, the Boards of Trustees have determined that Global Coatings must post a fringe benefit bond or other acceptable security in favor of the Plaintiffs to secure the payment of past, present, and any future contributions and/or related charges, including interest, liquidated damages, attorney's fees, and costs.

60. By agreeing to the terms and conditions of the CBA, McCalman separately agreed to the express terms of the Trust Agreements for the Employee Painters' Trust, Western Washington Painters Defined Contribution Pension Trust, and District Council No. 5 Apprenticeship and Training Trust Fund, under which persons occupying positions akin to those of corporate officers, like McCalman, are personally liable for contributions and related damages owed to these Trusts, as follows:

> In recognition that individuals have responsibilities in a corporation which is a participating Employer in a Trust, and that contributions are for the welfare of covered employees, the responsible individuals in a corporation which is a participating Employer shall be individually liable for payment of contributions and other charges owing under this Article VIII. Therefore, in the event any corporate Participating Employer which is obligated to make contributions to the Trust fails to make such contributions, the President, the Treasurer, and any other corporate officer who is responsible for payment of contributions by the corporation to the Trust fund shall be each individually liable for the payment of contributions and any other amount due under this Article VIII, and under applicable Federal law, 29 U.S.C. Section 1132(g).

Employee Painters' Trust Amended and Restated Trust Agreement effective January 1, 2015, Article VIII Employer Contributions, Paragraph 8 Liability of Corporate Officers.

61. Whereas McCalman is the primary owner, shareholder, director, officer, member, manager, governing person, principal and/or key employee of Global Coatings, he is responsible for payment of contributions and related damages by Global Coatings to the Employee Painters' Trust, Western Washington Painters Defined Contribution Pension Trust, and District Council No. 5 Apprenticeship and Training Trust Fund and is obligated under the terms of the Trust Agreements to pay the unpaid contributions, interest, liquidated damages, attorney's fees and costs of this action.

62. Each of the Defendants are in some manner responsible for the actions, acts and

COMPLAINT
Case No.

Page 11

CHRISTENSEN JAMES & MARTIN
7440 W. Sahara Ave., Las Vegas, NV 89117
THE URBAN LAW FIRM
321 Burnett Avenue South, Suite 200, Renton, WA 98057
(702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiffs*

omissions herein alleged and the damages caused to the Plaintiffs, and are therefore jointly and severally liable for the damages set forth herein.

### FIRST CAUSE OF ACTION
[Breach of Contract – Global Coatings]

63. The Plaintiffs restate and reallege the above allegations as if fully set forth verbatim.

64. By the terms of the CBA and Trust Agreements, Global Coatings was required to timely and accurately remit reports and fringe benefit contributions to the Plaintiffs for each hour of covered labor performed by its employees, independent contractors, and/or subcontractors.

65. Pursuant to the CBA and Trust Agreements, Global Coatings agreed that in the event of late or non-payment of contributions, Global Coatings would pay, in addition to the delinquent Contributions: (i) interest thereon at the rates established by the Plaintiffs, or at the legal rate, whichever is greater; (ii) liquidated damages thereon in an amount set by the CBA, Trust Agreements or as otherwise provided by law; and (iii) all audit fees, legal fees and costs in connection therewith, whether incurred before or after litigation is commenced.

66. Global Coatings breached the CBA and Trust Agreements by failing to comply with the terms and conditions described herein, including but not limited to failure to timely and accurately report covered labor, failure to submit fringe benefit contributions and related damages when due, and failure to comply with the Plaintiffs' audit.

67. It has been necessary for the Plaintiffs to engage the law firms of Christensen James & Martin and The Urban Law Firm to enforce the contractual obligations owed to the Plaintiffs and collect any and all amounts due.

68. Pursuant to the CBA and Trust Agreements, Global Coatings owes the Plaintiffs contributions calculated or measured by all hours of covered labor performed by Global Coatings, plus interest at the contractual rate on all unpaid contributions from the dates the sums

COMPLAINT
Case No.
Page 12

CHRISTENSEN JAMES & MARTIN
7440 W. Sahara Ave., Las Vegas, NV 89117
THE URBAN LAW FIRM
321 Burnett Avenue South, Suite 200, Renton, WA 98057
(702) 255-1718 / wes@cjmlv.com
Counsel for the Plaintiffs

were originally due through the date of judgment, liquidated damages, and reasonable attorney's fees, collection costs, and auditing costs incurred by the Plaintiffs as a result of the breaches described herein.

69. Pursuant to the terms of the CBA and Trust Agreements, the Plaintiffs are entitled to an Order requiring Global Coatings to submit its records for a payroll compliance review and for payment of any amounts determined to be due.

70. Pursuant to the terms of the Trust Agreements, the Plaintiffs are entitled to an Order requiring Global Coatings to post a fringe benefit bond to secure the payment of past, present, and future contributions and/or related charges, including interest, liquidated damages, audit fees, attorney's fees, and costs.

71. Pursuant to the terms of the CBA and Trust Agreements, the Plaintiffs are entitled to an Order requiring Global Coatings to reimburse the Plaintiffs for attorney's fees and costs incurred to enforce compliance with the CBA and Trust Agreements.

72. Upon entry of judgment, the Plaintiffs are entitled to post-judgment interest at the rates set forth in their Trust Agreements or as may be allowed by law, whichever is higher. The amount of such interest will be established by proof at trial.

**SECOND CAUSE OF ACTION**
[Violation of ERISA - 29 U.S.C. § 1145 – Global Coatings]

73. The Plaintiffs restate and reallege the above allegations as if fully set forth verbatim.

74. By failing to timely and accurately report and/or pay contributions to the Plaintiffs and comply with the Audit in accordance with the CBA and Trust Agreements, Global Coatings has violated ERISA [29 U.S.C. § 1145]. In accordance with the terms of those agreements, and pursuant to Section 502(g)(2) and 515 of ERISA [29 U.S.C. §§ 1132(g)(2) and 1145], the Plaintiffs are entitled to payment of all contributions determined to be due, as well as liquidated damages, interest, audit fees, attorneys' fees, and costs incurred in enforcing the

COMPLAINT
Case No.

Page 13

CHRISTENSEN JAMES & MARTIN
7440 W. Sahara Ave., Las Vegas, NV 89117
THE URBAN LAW FIRM
321 Burnett Avenue South, Suite 200, Renton, WA 98057
(702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiffs*

terms of the CBA and Trust Agreements, and such other legal and equitable relief as the Court deems appropriate.

75. Under 29 U.S.C. § 1132(g)(2)(C), in addition to the interest owed under 29 U.S.C. § 1132(g)(2)(B), the Plaintiffs are entitled to an amount equal to the interest or liquidated damages calculated according to the terms of the governing agreements, whichever is greater.

76. Pursuant to 29 U.S.C. § 1132(g)(2)(E), the Trusts are entitled to such other equitable relief as the Court deems appropriate.

77. The contract breaches and violations of ERISA identified above harm the Plaintiffs and place at risk the Plaintiffs' ability to provide required employee benefits to their beneficiaries.

78. The Plaintiffs' remedies at law are not sufficient to adequately compensate the Plaintiffs or their beneficiaries for past harm caused by said violations, or to protect them from the harm or threat of harm caused by similar future violations.

79. The Plaintiffs are likely to prevail on the merits of their claims.

80. The Plaintiffs are entitled to injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) and 1132(g)(2)(E) and other applicable law affirmatively compelling Global Coatings to timely submit all monthly remittance reports, pay all contribution amounts and related damages to the Plaintiffs, comply with the Audit, and submit a fringe benefit bond or other acceptable security in compliance with its obligations under the CBA and Trust Agreements.

81. The Plaintiffs are entitled to all remedies provided by ERISA as and for compensation for the Defendants' violations.

### THIRD CAUSE OF ACTION
[Breach of Written Trust Agreements – McCalman]

82. The Plaintiffs restate and reallege the above allegations as if fully set forth verbatim.

83. The CBA incorporates the terms of the Trust Agreements governing the Trusts.

COMPLAINT
Case No.
Page 14

CHRISTENSEN JAMES & MARTIN
7440 W. Sahara Ave., Las Vegas, NV 89117
THE URBAN LAW FIRM
321 Burnett Avenue South, Suite 200, Renton, WA 98057
(702) 255-1718 / wes@cjmlv.com
Counsel for the Plaintiffs

84. The Trust Agreements for Plaintiffs Employee Painters' Trust, Western Washington Painters Defined Contribution Pension Trust, and District Council No. 5 Apprenticeship and Training Trust Fund each contain an express provision imposing personal liability for unpaid contributions and related damages on the President, Treasurer, or other corporate officer of the employer responsible for payment of contributions for an employer required to make such contributions.

85. At all times material herein, Defendant McCalman, as owner and officer of Global Coatings, was responsible for making payment of contributions to the Plaintiffs, and acted as Global Coatings' agent by causing Global Coatings to become bound to the CBA and Trust Agreements, which made McCalman personally and individually liable to the Employee Painters' Trust, Western Washington Painters Defined Contribution Pension Trust, and District Council No. 5 Apprenticeship and Training Trust Fund pursuant to the express terms of the Trust Agreements governing those Trusts for the contributions and related damages owed to those Trusts by Global Coatings.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray for Judgment against Defendants, and each of them, as follows:

1. For the Court's Order enjoining Global Coatings from withholding documents necessary to complete the Audit and requiring Global Coatings to comply with the Audit;

2. For the Court's Order enjoining Global Coatings from failing to timely and accurately pay to the Plaintiffs delinquent amounts, including those amounts discovered by audit or as otherwise incurred in the normal course of business;

3. For the Court's Order enjoining Global Coatings from failing to deliver to the Plaintiffs monthly remittance reports and contribution payments on a timely basis accurately detailing all covered work performed;

COMPLAINT
Case No.
Page 15

CHRISTENSEN JAMES & MARTIN
7440 W. Sahara Ave., Las Vegas, NV 89117
THE URBAN LAW FIRM
321 Burnett Avenue South, Suite 200, Renton, WA 98057
(702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiffs*

1        4.     For the Court's Order requiring Global Coatings to post a cash bond or fringe benefit bond to secure the payment of past, present, and any future contributions and/or related charges, including interest, liquidated damages, audit fees, attorney's fees, and costs;

4        5.     For unpaid fringe benefit contributions in amounts to be proven at trial;

5        6.     For damages for breach of contract and violation of ERISA in an amount to be proven by motion or at trial;

7        7.     For accrued interest on all unpaid contributions and damages from their due dates until paid, in an amount to be proven by motion or at trial;

9        8.     For an amount equal to the greater of the interest owed on the unpaid contributions or liquidated damages, in amounts to be proven by motion or at trial;

11       9.     For Plaintiffs' attorney's fees, in an amount to be proven by motion or at trial;

12       10.    For Plaintiffs' audit fees, in an amount to be proven by motion or at trial;

13       11.    For the Plaintiffs' costs of suit, in an amount to be proven by motion or at trial;

14       12.    For such additional relief as may be provided for by 29 U.S.C. § 1132; and

15       13.    For such additional relief as this Court may deem just and proper.

DATED this 16th day of November, 2022.

CHRISTENSEN JAMES & MARTIN

By: __/s/ Wesley J. Smith__
    Wesley J. Smith, Esq.
    WSBA # 51934
    7440 W. Sahara Ave.
    Las Vegas, NV 89117
    P. (702) 255-1718/F. (702) 255-0871
    Email: wes@cjmlv.com
    *Counsel for Plaintiffs*

THE URBAN LAW FIRM

By: __/s/ Michael A. Urban__
    Michael A. Urban, Esq.
    WSBA # 46271
    321 Burnett Avenue South, Suite 200
    Renton, WA 98057
    P. (702) 968-8087/F. (702) 968-8088
    Email: murban@theurbanlawfirm.com
    *Counsel for Plaintiffs*

COMPLAINT
Case No.
Page 16

CHRISTENSEN JAMES & MARTIN
7440 W. Sahara Ave., Las Vegas, NV 89117
THE URBAN LAW FIRM
321 Burnett Avenue South, Suite 200, Renton, WA 98057
(702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiffs*